# CV-10 2157

## UNITED STATES DISTRICT COURT
For the
## Eastern District of New York

Harold D. House
    Plaintiff

v.

Andrew Greenbaum, Arnon Bersson,
David Bersson, Norm Bersson
Isaac Zucker, Prism Trading
Group LLC, Prism Trading
School LLC, Prism Trading LLC,
Securities Trading School LLC,
Prism Trading School of St. Louis LLC
    Defendants

Case Number

SEYBERT, J.
BOYLE, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 3 0 2010 ★

LONG ISLAND OFFICE

Parties

Harold House was a contracted consultant to the defendants and is a resident of Westhampton, NY. Andrew Greenbaum is a broker and securities trader who headed the enterprise. His brother Neil acted as counsel to Andrew Greenbaum and now participates as management of Securities Trading School. Arnon Bersson was an original partner of Andrew Greenbaum as was his cousin David Bersson and father Norm Bersson. The various LLCs were all owned and operated by these defendants.

Jurisdiction and Venue

The jurisdiction is proper on the basis of diversity in that defendants are individuals and entities doing business in Boca Raton, Florida, St. Louis, Missouri and New York, NY and residing in Florida and New York. Venue is appropriate in that at the relevant time, Plaintiff was a resident of Westhampton, NY, within the Eastern District of New York.

History

1. Each of the named defendants are officers or served as officers, directors, managers or executives of Prism Trading Group of Boca Raton Florida. The various LLCs named are interchangeable entities and part of an elaborate shell game with the intent to evade to evade payment for services and goods.

2. This case was previously brought in the US District Court for the Southern District of Florida on January 21, 2010 (9:2010CV80073) and has been withdrawn without prejudice. It is now started fresh in the Eastern District of New York where Plaintiff resides. At the time of the original filing, there was only a possible question of diversity. Now, with additional facts, diversity is no longer an issue.

3. Plaintiff came to agreement to work with and for the above cited defendants on June 8, 2009 at their offices in Boca Raton. The agreement was for sub-contracted work helping defendants formulate a business and marketing/advertising plan for Prism Trading Group, a Florida LLC (hereinafter "group").

4. The nature of the agreement was that it was for a specified period of time (six months) and by mutual consent could be extended. The agreement was with Prism Trading Group which was in the business of equity trading. Plaintiff's role was to formulate a plan to attracted traders to join the firm, take instruction in trading techniques with firm personnel and after suitable instruction, enrollees could have positions with the "group" trading private capital.

5. A second entity, Prism Trading School LLC (hereinafter "school") was formed in Florida in July of 2009 as Prism Trading Group was operating in coordination with Dimension Trading and thus under the scrutiny of FINRA (formerly the NASD) and the Securities and Exchange Commission. For purposes of regulation, the "school" was formed so to keep the entities separate from one another.

6. The purpose of the "School" was instruction in the techniques of trading and the purpose of the "Group" was the day to day operation of a trading floor.

7. On or about November 20, 2009, Plaintiff was verbally informed that his employment agreement was going to naturally expire on December 8, 2009 and would not be renewed unless the defendant Prism Trading School, LLC, for whom Plaintiff performed most of the work, would be granted a license to operate as an independent school under the Florida Education Commission, said application being in process with a review date for the application on or about middle February, 2010. No written notice was provided Plaintiff as per the terms of the agreement.(attached as exhibit 1)

8. Plaintiff was told at the November meeting that his fee ($15,000/mo) would be paid though December and was assured that the reason for the discontinuation of services was that the school application was delayed and there was, essentially, no work to be performed as a result.

9. On or about December 3, defendants were given invoices from a Boston vendor for materials ordered by others on the staff.

10. During the same period Defendants contracted several service providers in St. Louis and signed a lease for office space in St. Louis in order to open a branch of their business. Defendants sign a 5 year lease for Prism Trading/St. Louis. Prism also was in negotiations to open an office in Alabama and still has a website, partially completed and published at http://www.wix.com/tstultz/PTG-ALABAMA,

11. On December 8, Plaintiff's last day of work, several vendors and service providers called the offices looking for payments. Plaintiff resubmitted his November invoice as now 8 days late and his invoice for December, returned his office pass and left the building.

12. Plaintiff asked on repeated occasions for his November pay and then when December's pay was not provided, for that as well. All attempts were rebuffed.

13. On December 31, 2009 Plaintiffs posted their last entries on public or social media sites and shortly thereafter the main websites, PrismTradingSchool.com and Prismtradinggroup.com were removed.

14. In their place, a new entity, Securities Trading School LLC (securitiestradingschool.com) was posted. Papers dissolving the LLCs Prism Trading, Prism Trading School and Prism Trading Group were filed in early January 2010. A succeeding LLC, Securities Trading Group now occupies the same address in Boca Raton with the same mission and description.

15. In the articles of dissolution filed with the Secretary of State of Florida, Prism Trading Group, Prism Trading and Prism Trading School all checked the box that said "all debts and liabilities of the company have been paid or discharged". This was a fraudulent statement.

16. Plaintiff contends that other than the $30,000 directly owed for the contract, these entities owe, at the very minimum, an additional $40,000 for goods and services not paid for and a 5 year lease on an office space in St. Louis that is about to enter litigation.

17. Plaintiff refers to Florida criminal statute 817.155 Matters within jurisdiction of Department of State; false, fictitious, or fraudulent acts, statements, and representations prohibited; penalty; statute of limitations.--A person may not, in any matter within the jurisdiction of the Department of State, knowingly and willfully falsify or conceal a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false document, knowing the same to contain any false, fictitious, or fraudulent statement or entry. A person who violates this section is guilty of a felony of the third degree, punishable as

provided in s. 775.082, s. 775.083, or s. 775.084. The statute of limitations for prosecution of an act committed in violation of this section is 5 years from the date the act was committed.

18. Plaintiff argues that Defendants, acting individually and in concert, purposefully ran up debts in the Prism LLCs in order to gain as much market and operational experience as possible then, when the obligations were being pressed for collection, closed the LLCs and re-emerged with a new LLC to carry on the business debt free.

19. To do this, Defendants willfully submitted a false and fraudulent set of articles of dissolution to the Secretary of State in Florida. In order to carry out the fraud and to simply "disappear", Defendants withheld filing the Securities Trading School LLC papers with Florida until March 22, 2010 and April 16, 2010 when all papers were filed. As proof of this willful deceit, the website for Securities Trading School LLC is copyrighted 2009 so that this "transformation" was planned in advance of the closing of the Prism entities. ~~(see exhibit #2)~~

20. To further keep from discovery, Defendant Andrew Greenbaum filed these papers for Securities Trading Group as the registered agent on behalf of GFH LLC and Arsenal Holdings LLC, the managers. GFH LLC is managed unnamed person(s) with the following addresses:

    7950 Tennyson Court, Boca Raton, Florida 33433 and 7618 Stockton Terrace, Boca Raton, Florida 33433. These are the residences of Neil and Andrew Greenbaum respectively.

21. Arsenal Holdings LLC is managed by Isaac M. Zuker, 600 Old Country Road, Suite 321, Garden City, NY 11530, a resident of the Eastern District of New York.

22. This transparent attempt to ignore debt, including filing fraudulent declarations with the Secretary of State and then re-emerge as a new entity, with a well hidden paper trail that was set to confuse and timed to defraud, demonstrates a material and willful attempt to swindle third parties, including Plaintiff, of money owed.

23. Plaintiff alleges that Securities Trading School LLC is simply a continuation of Prism Trading School and Prism Trading Group LLC which were fraudulently dissolved in an attempt to escape from debts incurred by the owners.

First Cause of Action – Non-payment

24. Plaintiff reaffirms each of the preceding paragraphs as if written here verbatim.

25. Defendants owe Plaintiff for work performed as part of an agreement in November and December.

26. The withholding of compensation due is willful and intentional and caused Plaintiff great hardship.

27. Plaintiff demands $30,000 plus late fees and damages as to the discretion of the court.

28. Because there was a clear, willful and demonstrable effort on the part of the Defendants to hide from this debt, including but not limited by filing fraudulent papers with the Secretary of State of Florida, in itself a criminal violation in the third degree, Plaintiff requests that punitive damages be assessed and that the amount owed be trebled.

29. Further, as the act was undertaken by all parties and by nature, was a coordinated effort, Plaintiff demands that each party be individually responsible for the amount owed, trebled, and the sham LLC entities be held collectively liable for the same amount.

THEREFORE

Plaintiff in reasserting each claim and fact numbered 1 – 29 as if stated here verbatim

Plaintiff is entitled to the amount of $30,000 trebled or $90,000 each from Defendants Andrew Greenbaum, Neil Greenbaum, Arnon Bersson, David Bersson, Isaac Zucker, Norm Bersson and in the amount of $30,000 trebled or $90,000 from the LLCs Prism Trading, Prism Trading Group, Prism Trading School, and Securities Trading School, for a total of $990,000 plus interest plus any other fees and penalties as the Court may deem just and proper.

Dated: April 28, 2010
Westhampton, NY 11977

BY _____
Harold D. House
Plaintiff Pro Se
56 S. Country Road
Westhampton, NY 11977
631-998-3455 (p/f)
hdh@opusonemedia.com

AFFIRMATION OF SERVICE

I, Harold D. House, hereby affirm that I have placed a true copy of this summons and complaint in the care of the United States mail with proper postage affixed, and mailed such within the State of New York to:

Andrew "Avi" Greenbaum, 7619 Stockton Terrace, Boca Raton, Fl 33433
Neil Greenbaum, 7950 Tennyson Court, Boca Raton, Florida 33433
Arnon Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
David Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Norm Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading Group LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading School LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Securities Trading School, LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading, LLC 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Isaac M. Zuker, 600 Old Country Road, Suite 321, Garden City, NY 11530

Dated: April 28, 2010
Westhampton, NY 11977

BY  _____
Harold D. House
Plaintiff Pro Se
56 S. Country Road
Westhampton, NY 11977
631-998-3455 (p/f)
hdh@opusonemedia.com