```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HAROLD HOUSE,

                    Plaintiff,

        -against-                               MEMORANDUM AND ORDER
                                                10-CV-02157(JS)(ETB)
ANDREW GREENBAUM, ARNON BERSSON, DAVID
BERSSON, NORM BERSSON, ISAAC ZUCKER,
PRISM TRADING GROUP LLC, PRISM TRADING
SCHOOL LLC, PRISM TRADING LLC, SECURITIES
TRADING SCHOOL LLC, PRISM TRADING SCHOOL
OF ST. LOUIS LLC,

                    Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiff:      Harold D. House, Pro Se
                    56 S. Country Road
                    Westhampton, NY 11977

For Defendants:     No appearances
```

SEYBERT, District Judge:

Before the Court is the pro se Complaint of plaintiff Harold D. House ("Plaintiff") against Andrew Greenbaum, Arnon Bersson, David Bersson, Norm Bersson, Isaac Zucker, Prism Trading Group LLC, Prism Trading School LLC, Prism Trading LLC, Securities Trading School LLC, and Prism Trading School of St. Louis LLC (collectively, "the Defendants") alleging breach of a consulting agreement, together with an application to proceed in forma pauperis. Plaintiff's application for in forma pauperis status is granted and, for the reasons that follow, Plaintiff's Complaint is dismissed without prejudice.

BACKGROUND

Plaintiff is no stranger to this Court. Plaintiff has filed three previous pro se informa pauperis Complaints[1] all seeming to arise from failed business transactions. Much like the instant Complaint, Plaintiff's most recent case, House v. Sleek Wellington, LLC, 09-CV-05650 (JS)(ETB), alleged breach of a consulting agreement against several defendants including various individuals, corporations, LLCs and PLLCs. Given that the earlier Complaint expressly alleged that some of the defendants were New York residents, the Court determined that federal subject matter jurisdiction was lacking and the Complaint was dismissed.[2] In its February 22, 2010 Memorandum and Order, the Court carefully described the law governing a federal court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 in concluding that Plaintiff's case "lack[ed] complete diversity as some of the Defendants are explicitly alleged to reside in New York, the same state as Plaintiff." Order, dated February 22, 2010, Seybert,

---

[1] See House v. Combio, et al., 01-CV-1614(JS)(WDW); House v. Guadagno, et al., 04-CV-449(JS)(ETB); and House v. Sleek Wellington, LLC, et al., 09-CV-5650(JS)(ETB).

[2] See Order, dated February 22, 2010, Seybert, D.J. Because Plaintiff had also referred to the Fair Labor Standards Act, the Court afforded Plaintiff an opportunity to file an Amended Complaint invoking the Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff declined, and by Order dated April 30, 2010, Seybert, D.J., Plaintiff's Complaint was dismissed with prejudice for failure to prosecute.

D.J., at page 3.

Notwithstanding the tutorial provided by the Court with regard to federal subject matter jurisdiction, Plaintiff now brings a new in forma pauperis Complaint alleging exclusively state law breach of contract claims against the Defendants, some of whom are expressly alleged to reside in and do business within the State of New York. Yet, Plaintiff seeks to invoke this Court's diversity subject matter jurisdiction. See Compl. at p. 1. Plaintiff seeks to recover $990,000 in damages, exclusive of interest. See Compl. at p. 5.

DISCUSSION

I. Standard Of Review

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

II. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211

F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. At 700-01; see Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id.

Here, Plaintiff alleges that the Court's jurisdiction is founded on diversity of citizenship. However, this case lacks complete diversity between parties as some of the Defendants are expressly alleged to reside in New York, the same state as Plaintiff. 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim under § 1332.

As noted above, subject matter jurisdiction may also be established pursuant to § 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C.

§ 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States. <u>Arbaugh</u>, 56 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, <u>i.e.</u>, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" <u>Id</u>. At 513 n. 10. Although courts hold <u>pro se</u> complaints "to less stringent standards than formal pleadings drafted by lawyers," <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), <u>pro se</u> litigants must establish subject matter jurisdiction to avoid dismissal. <u>See</u>, <u>e.g.</u>, <u>Rene v. Citibank N.A.</u>, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing <u>pro se</u> complaint for lack of subject matter jurisdiction).

Here, even given a liberal construction, Plaintiff's Complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Plaintiff's Complaint is solely based on a contract dispute wholly governed by state law. Accordingly, Plaintiff's Complaint is dismissed and Plaintiff may pursue any state law claims he may have against the Defendants in state court.

## CONCLUSION

Accordingly, the Court grants Plaintiff's application to

5

proceed in forma pauperis and dismisses Plaintiff's Complaint without prejudice. Plaintiff is further cautioned that another pro se in forma pauperis Complaint dismissed for one of the reasons listed in 28 U.S.C. § 1915(e)(2)(B) will run afoul of 28 U.S.C. § 1915(g)'s so-called "three strikes" provision and Plaintiff may be barred from filing future Complaints. See Awan v. Awan, 10-CV-0635 (JS), 2010 WL 1265820, at *1 (E.D.N.Y. March 26, 2010) (Section 1915(e) applies to both prisoners and non-prisoners); Gause v. Chase Home Fin. LLC, 2010 WL 843945, at *2 (E.D.N.Y. March 9, 2010) (lack of subject matter jurisdiction rose to the level of frivolous and constitutes a "strike" for the purposes of § 1915(g)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 22, 2010
Central Islip, New York